## SCOTT v. STATE.

(Court of Criminal Appeals of Texas. March 19, 1913.)

GAMING (§ 98*)—PROSECUTION—SUFFICIENCY OF EVIDENCE.

Evidence in a prosecution for betting at dice *held* to sustain a conviction.

[Ed. , Note.—For other cases, see Gaming, Cent. Dig. §§ 291–297; Dec. Dig. § 98.*]

Appeal from Hamilton County Court; R. Q. Murphree, Judge.

Walter Scott was convicted of betting at dice, and he appeals.· Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, P. J. Appellant was convicted of betting at dice. A jury was waived, and the case was tried before the court. The only question raised in the motion for new trial is based upon the alleged insufficiency of the testimony to support the finding of the court.

The testimony is from one witness only, and to the effect that the witness Smith, appellant, and two others, Cole and Simmons, were present at a game of craps, and all bet money on the game. Quoting the language of the witness: "We all bet money on the game. I suppose Walter Scott bet on the game. We played with dice. The game we played is commonly called craps. We all bet on the game. I am positive that we all bet on the game. We bet money. There were four of us, and we all bet." On cross-examination, he was asked if he had any specific recollection that Walter Scott bet on the game. His answer was that he was .there present. "But do you not know whether he bet or not? A. I don't know whether he bet directly with me. Q. Do you remember positively that he did bet, and have a specific recollection of any bet? A. No; I haven't any recollection of any bet. Walter Scott, Billy Cole, Acquilla Simmons, and myself is all I remember of being present." On redirect he says: "I do not remember any specific bet, but he put down his money. I do not remember any specific bet I made. I remember his throwing the dice and putting up his money."

This is the testimony, and upon this the judge based his conclusion of guilt. We would hardly feel justified in reversing the judgment on this testimony. The matter was submitted to the court, and he heard the witness, and under this testimony we are of the opinion that the judgment should be affirmed.

## SCOTT v. STATE.

(Court of Criminal Appeals of Texas. March 19, 1913.)

1. GAMING (§ 98*)—PROSECUTION—SUFFICIENCY OF EVIDENCE—TIME OF OFFENSE.

Evidence in a prosecution for betting and wagering money at dice *held* to show that the offense was committed on or about the time charged.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 291–297; Dec. Dig. § 98.*]

2. GAMING (§ 71*) — BETTING AT DICE—PLACE.

To bet at a game of dice is unlawful, wherever the game occurs.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 166, 167; Dec. Dig. § 71.*]

3. GAMING (§ 71*)—OFFENSES—PRIVATE RESIDENCES.

It is only games played with cards and dominoes that are not offenses when played at a private residence occupied by a family.

[Ed. Note.—For other cases, see Gaming, Cent. Dig. §§ 166, 167; Dec. Dig. § 71.*]

4. CRIMINAL LAW (§ 1090*) — APPEAL — NECESSITY OF EXCEPTIONS.

Where the proof of venue is not objected to, and the objection shown by bill of exceptions, the question is not so presented that the court can pass upon it.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2653, 2789, 2803–2822, 2825–2827, 2927, 2928, 2948, 3204; Dec. Dig. § 1090.*]

Appeal from Hamilton County Court; R. Q. Murphree, Judge.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Walter Scott was convicted of betting and wagering money at dice, and he appeals. Affirmed.

C. E. Lane, Asst. Atty. Gen., for the State.

PRENDERGAST, J. Upon a proper complaint and information, charging that on or about May 1, 1912, appellant, in Hamilton county, Tex., did unlawfully bet and wager money upon a game of dice, appellant was convicted, from which he appeals. He waived a jury, and the cause was tried before the court. There was no motion, other than for a new trial, and no bills of exception in the case. The facts are undisputed, and establish the offense charged.

[1] Four witnesses for the state testified, each in substance stating that appellant, with others, bet at a game of dice, a half or three-quarters of a mile up the Bosque river from Hico. No witness specifically testified that this occurred on May 1, 1912. The offense was charged to have been committed, as stated, on or about May 1, 1912. Each witness testified that it occurred in the spring, some stating about April, and others about May, but each in substance that it was about May 1st. No other reasonable conclusion could be reached by the testimony as a whole than that the offense was committed on or about May 1, 1912. No question of limitation is in any way raised.

[2-4] To bet at a game of dice is unlawful, wherever the game occurs. It is only games played with cards and dominoes that are no offense when played at a private residence occupied by a family. One witness testified positively that the game was played in Hamilton county, Tex.; the others that it was about a half or three-quarters of a mile from Hico, and that the county line between Hamilton and Erath was about three-quarters to a mile from Hico. The venue was clearly proven. But, if not, it, not being objected to and shown by a bill of exceptions, would not be presented so that we could pass upon it.

The judgment is affirmed.